# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNELL SMITH, | 1:12-cv-001251 AWI MJS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| ON HABEAS CORPUS, | (Doc. 11) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in the action by Janine W. Boomer, Esq., of the Office of the Attorney General for the State of California.

## I. PREFACE

Upon review of Petitioner's state petitions attached to the motion to dismiss, Petitioner's claims appear to be procedurally defaulted.[1] However, Respondent does not challenge or attempt to dismiss the petition on such grounds.

Procedural default is an affirmative defense that, if not timely and properly raised by Respondent, is waived. See Trest v. Cain, 522 U.S. 87, 89 (1997).  The defense must be asserted in Respondent's first responsive pleading, deemed by  the Ninth Circuit to be the

---

[1] The last reasoned state court opinion denied Petitioner's petition on the basis that Petitioner failed to exhaust the inmate appeal process. Federal courts in this district have found the failure to exhaust the inmate appeal process an independent and adequate state procedural ground and therefore a basis for procedural default. See, e.g., Chatman v. McDonald, 2012 U.S. Dist. LEXIS 171318, 1, 2012 WL 6020030 (E.D. Cal. Dec. 3, 2012).

answer. See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004).  Accordingly, Respondent still has an opportunity to raise the claim, if desired, in the answer to the Petition.

## II.     BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections. On August 1, 2012, Petitioner filed the instant petition challenging a September 26, 2009 prison disciplinary proceeding finding Petitioner guilty of willfully delaying a peace officer in the performance of his duty and triggering a loss of ninety days of good time credits. (See Pet., ECF No. 1, p. 18.) On September 5, 2012, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies and for failure to state a cognizable claim.

## III.    DISCUSSION

### A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the Respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th

Cir. 1971).

**B.     Failure to Exhaust State Remedies**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that she was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. Duncan, 513 U.S. at 365-366.

The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is. Lyons, 232 F.3d at 668-669 (italics added).

Here, Respondent asserts that Petitioner's claim that the state court decision was "an unreasonable determination in light of the evidence presented" was not presented to the state courts, and therefore not exhausted. (See Mot. to Dismiss at 3-4.) Rather than state an new and unexhausted claim for relief, Petitioner was merely stating the federal standard for determining whether a federal habeas corpus claim may be granted. According to 28 U.S.C. § 2254(d)(2), a claim adjudicated on the merits in State court shall not be granted unless the claim "resulted in a decision that was based on *an unreasonable determination of the facts in light of the evidence presented* in the State court proceeding." (emphasis added.) Petitioner stated the federal standard nearly verbatim.

The "claim" is not a claim at all. Petitioner's underlying claim is that his due process rights as set forth by Wolff v. McDonnell, 418 U.S. 539 (1974) were violated at his disciplinary hearing. While Petitioner was required to present the underlying constitutional claim to the state court, Petitioner was not and could not be required to present a claim that state court's determination was unreasonable. It was not possible for the state court to deny Petitioner's claim before it was presented to the court. While Petitioner must prove in federal court that the state court decision was unreasonable, Petitioner need only present the state court with the underlying constitutional claim to exhaust his state remedies.

Federal courts review the last reasoned state decision to determine if it is contrary to or an unreasonable application of federal law. See 28 U.S.C. § 2254(d); Miles v. Ryan, 691 F.3d 1127, 1135 (9th Cir. 2012). Accordingly, Petitioner correctly presented arguments regarding alleged flaws in the last reasoned decision of the state courts in an attempt to guide this Court in its review of the merits of the motion to dismiss. The "claim" at issue is not barred by a failure to exhaust remedies. This Court recommends that the present claim of Respondent's motion to dismiss be denied.

///

### C.     Failure to State a Cognizable Federal Habeas Claim

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010)

Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 131 S.Ct. at 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (an ex post facto claim challenging state court's discretionary decision concerning application of state sentencing law presented only state law issues and was not cognizable in a proceeding pursuant to 28 U.S.C. § 2254); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Here, Respondent asserts that Petitioner fails to raise any federal claims in his petition and instead only argues that the state courts improperly denied his claims. Respondent is correct. However, in Petitioner's opposition to the motion to dismiss he does state that he intended to claim that his due process rights under Wolff v. McDonnell, 418 U.S. 539 (1974), were violated.

The federal courts have a duty to construe pro se pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir. 1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980)). Furthermore, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Accordingly, it is recommended that the

motion to dismiss be granted, but that Petitioner be provided the opportunity to file an amended petition to attempt to state a cognizable claim.

**IV.     RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the motion to dismiss for failure to state a cognizable claim be GRANTED, and Petitioner be provided thirty (30) days from the order adopting this recommendation to file an amended petition for writ of habeas corpus to attempt to plead a cognizable federal claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     May 17, 2013                             /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California                             -6-