1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| **VERNELL SMITH,** | Case No. 1:12-cv-01251 AWI MJS (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS** |
| **v.** | |
| **ON HABEAS CORPUS,** | **[Doc. 20]** |
| Respondent. | |

17

18      Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

19  corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Janine

20  W. Boomer, of the Office of the Attorney General for the State of California.

21  **I.      BACKGROUND**

22      On August 1, 2012, Petitioner filed the instant petition challenging a September

23  26, 2009 prison disciplinary proceeding finding Petitioner guilty of wilfully delaying a

24  peace officer in the performance of his duty and declaring a loss of ninety days of good

25  time credits. (See Pet., ECF No. 1, p. 18.) Petitioner challenges the disciplinary violation

26  in the instant proceeding claiming that he was innocent of the charge and never refused

27  to be housed with another inmate. (See Pet.)

28      Starting on February 14, 2011, Petitioner filed three post-conviction collateral

1

1 | challenges with respect to the administrative decision in the state courts, all petitions for
2 | writ of habeas corpus, as follows:

3 |       1.     Solano County Superior Court
              Filed: February 14, 2011[1];
4 |              Denied: September 2, 2011;

5 |       2.     California Court of Appeal, First Appellate District
              Filed: October 13, 2011[2];
6 |              Denied: October 19, 2011;

7 |       3.     California Supreme Court
              Filed: October 30, 2011[3];
8 |              Denied: March 28, 2012;

9 | (Mot. to Dismiss, Exs. 3-8.)

10 |      On July 26, 2012[4], Petitioner filed the instant federal Petition for Writ of Habeas
11 | Corpus in this Court. On August 30, 2013, Respondent filed a Motion to Dismiss the
12 | petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. §
13 | 2244(d).  (Mot. to Dismiss, ECF No. 20.) Petitioner filed an opposition to the motion on
14 | September 11, 2013. (Opp'n, ECF No. 21.)

15 | **II.**     **DISCUSSION**

16 |      **A.**     **Procedural Grounds for Motion to Dismiss**

17 |      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to
18 | dismiss a petition if it "plainly appears from the petition and any attached exhibits that the
19 | petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing
20 | Section 2254 Cases.

---

21 | [1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition
22 | to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d
1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition
23 | was filed on March 17, 2011, pursuant to the mailbox rule the Court considers the petition filed on
February 14, 2011, the date Petitioner signed the petition.

24 | [2] The petition does not state a date upon which it was filed. Regardless, pursuant to the mailbox
25 | rule the Court considers the petition filed on October 13, 2011, the date Petitioner signed the petition.

26 | [3] Although the petition was filed on November 1, 2011, pursuant to the mailbox rule the Court
considers the petition filed on October 30, 2011, the date Petitioner signed the petition.

27 | [4] Although the petition was filed on August 1, 2012, pursuant to the mailbox rule the Court
28 | considers the petition filed on July 26, 2012, the date Petitioner signed the petition.

1    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an
2  answer if the motion attacks the pleadings for failing to exhaust state remedies or being
3  in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,
4  420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to
5  exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using
6  Rule 4 as procedural grounds to review motion to dismiss for state procedural default);
7  Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a
8  respondent can file a motion to dismiss after the court orders a response, and the Court
9  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 &
10 n. 12.

11    In this case, Respondent's motion to dismiss is based on a violation of the one-
12 year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss
13 is similar in procedural standing to a motion to dismiss for failure to exhaust state
14 remedies or for state procedural default and Respondent has not yet filed a formal
15 answer, the Court will review Respondent's motion to dismiss pursuant to its authority
16 under Rule 4.

17 **B.**    **Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

18    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death
19 Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all
20 petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy,
21 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th
22 Cir. 1997).

23    In this case, the petition was filed on July 26, 2012, and is subject to the
24 provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners
25 seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As
26 amended, § 2244, subdivision (d) reads:

27      (1)  A 1-year period of limitation shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a State
28      court.  The limitation period shall run from the latest of –

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The provisions of § 2244(d)(1)(D), rather than § 2244(d)(1)(A), apply to habeas corpus actions challenging decisions of administrative bodies. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003). In such cases, the limitation period begins when the petitioner receives notice of denial of the final administrative appeal from the administrative decision at issue. Id.; see also, Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012) (generally, state agency's denial of an administrative appeal constitutes the "factual predicate" for habeas claims challenging state administrative actions affecting "fact or duration of . . . confinement").

In this case, Petitioner's administrative appeal was denied at the third and final level on February 18, 2010. (Mot. to Dismiss, Ex. 2.) The statute began to run the following day, on February 19, 2010. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001).

Petitioner would have one year from February 19, 2010, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until July 26, 2012, over a year after the statute of limitations

4

1  period expired. Absent the later commencement of the statute of limitations or any

2  applicable tolling, the instant petition is barred by the statute of limitations.

3  **C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

4  28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

5  application for State post-conviction or other collateral review with respect to the

6  pertinent judgment or claim is pending shall not be counted toward" the one year

7  limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held

8  the statute of limitations is tolled where a petitioner is properly pursuing post-conviction

9  relief, and the period is tolled during the intervals between one state court's disposition of

10  a habeas petition and the filing of a habeas petition at the next level of the state court

11  system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

12  Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

13  under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

14  timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

15  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

16  determined by the federal courts to have been untimely in state court will not satisfy the

17  requirements for statutory tolling. Id.

18  Here, the statute of limitations began to run on February 18, 2010, the date

19  Petitioner's administrative appeal was denied. Petitioner filed state habeas petitions

20  beginning on February 14, 2011, in the Solano County Superior Court. As of February,

21  14, 2011, 360 days of the limitations period had elapsed. Respondent does not

22  challenge Petitioner's right to tolling during the pendency of Petitioner's state petitions

23  and the interval between the filing of the petitions. Accordingly, Petitioner is entitled to

24  tolling from February 14, 2011, until the date the petition filed in the California Supreme

25  Court was denied on March 28, 2012. As 360 days of the limitations period already

26  elapsed, 5 days remained as of March 28, 2012.

27  Accordingly, the statute of limitations expired five days later on April 2, 2012.

28  Petitioner filed the present petition on July 26, 2012, almost three months after the

5

1    expiration of the year statute of limitations period. The instant federal petition is untimely.

2        Petitioner, in his objections, asserts that he was entitled to a one year period to

3    file his state petitions, and another year period after the state petitions to file his federal

4    petition. Petitioner's interpretation of the law is incorrect, and his petition remains

5    untimely.

6        **D.    Equitable Tolling**

7        The limitations period is subject to equitable tolling if the petitioner demonstrates:

8    "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

9    circumstance stood in his way." <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560-62 (2010);

10   quoting <u>Pace v. DiGuglielmo</u>. Petitioner bears the burden of alleging facts that would

11   give rise to tolling. <u>Pace</u>, 544 U.S. at 418; <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th

12   Cir.1993). Petitioner has not presented any evidence regarding equitable tolling.

13   Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition

14   remains untimely.

15   **III.    CONCLUSION**

16       As explained above, Petitioner failed to file the instant petition for Habeas Corpus

17   within the one year limitation period required by 28 U.S.C. § 2244(d). Furthermore, while

18   Petitioner is entitled to the benefit of statutory tolling, the petition remains untimely.

19   Moreover, Petitioner is not entitled to equitable tolling. Based on the foregoing, this Court

20   recommends that Respondent's motion to dismiss be GRANTED.

21   **IV.    RECOMMENDATION**

22       Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for

23   Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be

24   GRANTED.

25       This Findings and Recommendation is submitted to the assigned  United States

26   District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

27   Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

28   District of California. Within thirty (30) days after the date of service of this Findings and

Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.   The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 23, 2013          /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE